Niver and another agt. Rossman.

5 How. 153–Not concurred in, 6 How. 11, 12.

## SUPREME COURT.

### Niver and another agt. Rossman.

A per centage or extra allowance should be allowed in all *referred causes;* because they are all *litigated* trials. The application should be made in the county where the judgment is rendered, unless some special reason exists for applying elsewhere.

*Dutchess Special Term, Nov.* 1850. The venue in this cause was laid in Columbia county, and the cause referred by consent

Niver and another agt. Rossman.

and tried before a referee, who reported $500 due to the plaintiffs.

Wm. Eno, *for Plaintiffs.*

Hogeboom & Collier, *for Defendant.*

Barculo, Justice.—I think the defendant's counsel is mistaken in supposing that the allowance of per centage is not applicable to cases tried before referees. There is certainly nothing in the Code which excepts them. The section applies, in terms, to all "difficult or extraordinary cases." In the case of Dyckman vs. McDonald, *ante page* 121, I have just held that all *litigated* cases are "difficult" in some degree within the meaning of the section. If this be correct, then all referred cases are proper subjects for some additional allowance, for all such cases are *litigated* and cause the party to incur *extra expense,* which is the true ground for the *extra allowance.*

But it is contended that Rule 86 requires the application to be made to the court before which the trial is had, and that as this cause was not tried before any court no application can be made. The answer to this argument is that the *statute* gives the right and the *rule* can not take it away. Moreover the rule does not exclude referred cases by its terms; for it allows the application to be made to the court before which the "judgment is rendered." The rule, therefore, would be literally complied with by applying to the court before which the judgment is, or is to be, rendered. However, I do not suppose this to have been the real object of the rule. I presume the latter clause had reference mainly to the second subdivision of section 308, providing an allowance in numerous cases where no trial is had, but only a judgment rendered.

I think, however, that the terms of the rule as well as the convenience of the parties require the application to be made where the judgment is rendered unless some special reason for applying elsewhere exists. No such reason appearing in this case, I must deny this motion without prejudice to an application to be made in Columbia county, and without costs.